# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>　　　　　　　Plaintiff,<br>vs.<br>HARRY E. TEAR,<br><br>　　　　　　　Defendant. | CASE NO. 09cv2450-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis and the Motion to Appoint Counsel. (Doc. # 2, 3).

## BACKGROUND

　　On November 3, 2009, Plaintiff Grace L. Sandoval, a nonprisoner proceeding pro se, initiated this action by filing the Complaint. (Doc. # 1). On November 3, 2009, Plaintiff also filed the Motion for Leave to Proceed In Forma Pauperis ("Motion to Proceed IFP"), and the Motion to Appoint Counsel. (Doc. # 2, 3).

## ANALYSIS

**I.　Motion to Proceed IFP**

　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

1      In her affidavit accompanying the Motion to Proceed IFP, Plaintiff states that she is not
2 employed, receives unemployment insurance payments of $40 per week, has a checking
3 account with a balance of $480, owns a 2002 Honda Civic, and does not have any other
4 significant assets such as real estate, stocks, bonds or securities. (Doc. # 2 at 2-3). Plaintiff
5 states that she owes $5,000 to the "U.S. Department of Education" and $700 to "Cash
6 Collections." (Doc. # 2 at 3). The Court has reviewed Plaintiff's affidavit of assets and finds
7 it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to
8 maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. §
9 1915(a).

10 **II.     Subject-Matter Jurisdiction**

11      Federal courts are courts of limited jurisdiction, and possess only that power authorized
12 by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375,
13 377 (1994). This Court has "original jurisdiction of all civil actions arising under the
14 Constitution, laws, or treaties of the United States," and "original jurisdiction of all civil
15 actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of
16 interest and costs, and is between ... citizens of different States." 28 U.S.C. §§ 1331, 1332.
17 "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction
18 of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). A court may
19 raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency
20 of the action. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

21      The Complaint appears to allege that Defendant owes Plaintiff $2,500, related to a
22 "worker's compensation appeals board compromise." (Doc. # 1 at 1). Plaintiff does not allege
23 a basis for federal jurisdiction for this claim. For this reason, the Complaint must be dismissed
24 without prejudice.

25 **III.    Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)**

26      After granting IFP status, the Court must dismiss the case if the case "fails to state a
27 claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B).

28      The standard used to evaluate a motion to dismiss is a liberal one, particularly when the

action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Other than the allegation that Defendant owes Plaintiff $2,500 related to a worker's compensation appeal, the remaining nine pages of allegations are written without paragraphs, in a stream of consciousness manner that is often unintelligible and/or incoherent. These allegations are insufficient to put Defendant on notice of the claims against him, as required by Rule 8 of the Federal Rules of Civil Procedure.[1] For this reason, the Court finds that Plaintiff fails to state a claim on which relief can be granted.

A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

The following is an example of the Complaint's allegations:

> Robert Goodman Senior is joined with the orphans from Orange County, California in organized crime and murder of many people from the human esophagus, human from drills to the human esophagus to keep hostage to demand money from spouse, siblings, parents, relatives, etc.... Bap Russo ... is joined with Philip Rand and many orphans from San Diego County, California, Orange County, California, Mexico, Iraq, Puerto Rico, Honduras, Italy, Germany, etc. in forcing ecstasy in the human mouth of many teenagers to force sex, to force illegal drugs, to force pregnancy, to kidnap, to take hostage, to murder.

(Doc. # 1 at 3-4). The Complaint contains nine pages of rambling, often-fantastic allegations similar to the example quoted above. The Court dismisses the Complaint as frivolous pursuant

---

[1] Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

to 28 U.S.C. § 1915(e)(2)(B)(i).

**III.   Appointment of Counsel**

In light of the Court's sua sponte dismissal of this action, Plaintiff's request for appointment of counsel is denied as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Formal Pauperis (Doc. # 2) is **GRANTED**.  The Complaint is **DISMISSED** without prejudice, and this case shall be closed.  The Motion to Appoint Counsel (Doc. # 3) is **DENIED** as moot.

DATED:  November 5, 2009

**WILLIAM Q. HAYES**
United States District Judge